TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00151-CV







Edmund Bryan Heimlich, Appellant


v.


The State of Texas, by and through John Cornyn, the Attorney General, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GN100142, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING




O R D E R


PER CURIAM

 Appellant Edmund Heimlich, pro se, filed a notice of appeal on January 17, 2002
complaining of a judgment rendered January 8, 2002. On March 19, the district clerk of Travis
County informed this Court that appellant had neither paid nor made arrangements to pay for
preparation of the clerk's record. By letter, this Court's clerk's office asked appellant to submit a
status report regarding his appeal and to detail whether he had made arrangements with the Travis
County clerk's office to pay for preparation of the clerk's record. On April 8, appellant responded
by filing "Appellant's motion for the record pursuant to 34.3(f) and 34.3(a)(2) of the Texas Rules
of Appellate Procedure." We note that there are no appellate rules designated as 34.3(f) or
34.3(a)(2). In reviewing the substance of this motion, appellant requests that this Court (1) direct
the trial court clerk to send the original documents or enter a finding that appellant is entitled to a
free record, and (2) "with a grant of indigence by separate motion and affidavit filed with this Court
pursuant to Rule 10.5 of the Texas Rules of Appellate Procedure." At the time appellant filed his
notice of appeal he did not file an affidavit of indigence or any document indicating his inability to
pay for the appellate record. See Tex. R. App. P. 20.1(c). We will overrule appellant's motion for
a free record. 

 Also pending in this Court is a motion filed by appellant on March 13, 2002, titled 
"Appellee's [sic] motion for extension of time in which to file appellee's [sic] brief." By this motion
appellant seeks to extend the time to file his appellant's brief. As there has been no appellate record
filed in this case, there is not yet a briefing schedule or a due date set for appellant's brief,
consequently there is nothing to extend. We will dismiss appellant's motion to extend time to file
his brief. 

 In summary, appellant's motion for a free record is overruled and his motion for an
extension of time to file his appellant's brief is dismissed. Finally, on June 20, 2002, the Travis
County clerk's office informed this Court that appellant has not made arrangements to pay for the
preparation of the clerk's record. Appellant has ten days from the date of this order until July
8, 2002, to pay the Travis County district clerk or make satisfactory arrangements with the
district clerk to pay for the preparation of the clerk's record and to inform this Court of the
payment or the satisfactory arrangements or the appeal will be dismissed for want of
prosecution. See Tex. R. App. P. 37.3(b). 

 It is ordered June 28, 2002.


Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Do Not Publish